UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:00-cr-3-FtM-29DNF

PRESTON L. SESLER

_____

**OPINION AND ORDER**

     This matter comes before the Court on the Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #35), filed on November 18, 2005.  An attorney was appointed to represent defendant on January 11, 2006.  On February 8, 2006, the court entered an Order (Doc. #39) directing the parties to file memoranda addressing whether defendant had satisfied the requirements of Fed. R. Crim. P. 35(b)(2) and whether his personal assistance, as opposed to third-party assistance, qualified as substantial assistance.  Each side submitted a memorandum. (Docs. #40, #41).

     Defendant was indicted on January 5, 2000, entered into a Plea Agreement with a cooperation provision, and was sentenced on June 7, 2000.  Defendant represents that at the time of sentencing he was familiar with an individual named D'Maurio Williams (Williams) who was involved in narcotic transactions, and that defendant wanted to set Williams up for an arrest, but could not do so

because he could not contact anyone outside of jail to conduct the controlled buy with law enforcement. Defendant does not assert that he provided Williams' name to law enforcement at that time. In October, 2003, defendant contacted Detective Robert Harrelson from prison about third-party assistance, but at that time had difficulty finding a person to assist law enforcement on his behalf. Later in October, 2003, defendant contacted his uncle, who agreed to work with law enforcement in setting up controlled purchases with Williams. Defendant asserts that he could not locate his uncle until then. In November, 2003, defendant's uncle contacted Detective Harrelson; defendant provided the name D'Maurio Williams as a person selling narcotics and from whom his uncle could make a purchase. Defendant's uncle ultimately made several purchases of cocaine base from Williams; Williams was indicted and convicted in connection with these controlled purchases. Defendant's uncle was paid $100 per transaction, with the exception of one transaction for which he received $350.

This case involves the issue of the proper interpretation of Federal Rule of Criminal Procedure 35(b). Two issues exist: was the assistance provided within the time limitations of the Rule, and if so, did it qualify for a reduced sentence?

Rule 35(b)(1) contemplates that defendant's assistance normally be made within one year of sentencing. It is undisputed that the assistance in this case was not provided within that one year period.

Rule 35(b)(2) provides that the court may reduce a sentence on the government's motion made more than one year after sentencing under one of three circumstances: Defendant's substantial assistance involved (A) information not known to him until one year or more after sentencing; (B) information provided within one year of sentencing which did not become useful to the government until more than one year after sentencing; or (C) information--the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing--was promptly provided to the government after its usefulness was reasonably apparent to defendant. The first two alternatives do not apply in this case. Defendant concedes that he knew at least by the June 7, 2000 sentencing that Williams was selling narcotics. Defendant does not contend he provided the information to the government until late 2003. The Court also rejects that third alternative. A defendant who has agreed to cooperate in a Plea Agreement would reasonably anticipate that the name of a person he knew was then selling narcotics was useful to law enforcement. Waiting three years to tell officers does not lessen the reasonable anticipation that defendant knew at the time of sentencing that the information may have been useful. Not having found anyone willing to act as a surrogate to make controlled purchases is not an excuse for failing to provide the name to law enforcement. The Court concludes that the assistance provided by defendant was not timely provided within the meaning of Rule 35(b).

The remaining issue is whether substantial assistance provided by a third-party can be imputed to defendant under Rule 35(b) to justify a reduction of sentence.  Neither the Court nor the parties have found any federal appellate authority addressing the propriety of basing a Rule 35(b) sentence reduction on substantial assistance provided by someone other than defendant.  Three published district court decisions have addressed the issue.  The leading authority is United States v. Doe, 870 F. Supp. 702 (E.D. Va. 1994), which found that under certain circumstances such vicarious third-party substantial assistance could be attributed to defendant under Rule 35(b).  In Doe, the Court addressed the question of whether a defendant may benefit from a Rule 35(b) motion or a downward departure under § 5K1.1 of the Sentencing Guidelines "when someone other than the defendant provides at least part of the 'substantial assistance' upon which the motion rests." Id. at 704.  The Court held that such surrogate assistance may form the basis of a Rule 35(b) reduction or a § 5K1.1 departure when "(1) the defendant plays some role in instigating, requesting, providing, or directing the assistance; (2) the government would not have received the assistance but for the defendant's participation; (3) the assistance is rendered gratuitously; and (4) the court finds that no other circumstances weigh against rewarding the assistance." Id. at 708.  In United States v. Bush, 896 F. Supp. 424 (E.D. Pa. 1995), the Court modified Doe to require that defendant must play a *material* role in instigating, requesting, providing, or directing

the assistance. Id. at 428. In United States v. Abercrombie, 59 F. Supp. 2d 585 (S.D. W. Va. 1999), the Court held that Rule 35(b) surrogate substantial assistance was only permissible if the assistance provided personally by the defendant was itself substantial. Id. at 590. A recent unpublished district court decision refused to grant a Rule 35(b) motion for third-party assistance. United States v. Scott, 2005 WL 741910 (D. Minn. Mar. 31, 2005).

The Court starts, as it must, with the language of Rule 35(b). The Rule states that "the court may reduce a sentence if (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; . . .." Fed. R. Crim. P. 35(b)(1)(A). For a motion made after one year, Rule 35(b) provides that "the court may reduce a sentence if the defendant's substantial assistance involved: . . ." Fed. R. Crim. P. 35(b)(2). In evaluating whether "the defendant" has provided substantial assistance, the court may consider "the defendant's" presentence assistance. Fed. R. Crim. P. 35(b)(3). Unlike the District Court in Doe, which addressed a prior version of Rule 35, this Court does not see this language as "infected with ambiguity." Doe, 870 F. Supp. at 705. Quite the contrary, the language is simple and straightforward and says what it means. All provisions of Rule 35(b) refer to "defendant's" substantial assistance. If Rule 35(b) intended the Court to consider substantial assistance provided by third parties instead of by the defendant, it would not have

limited the Court's consideration to "defendant's" assistance. The Court concludes that if a defendant's personal cooperation does not qualify as substantial assistance, he or she does not qualify for a sentence reduction under Rule 35(b). This is consistent with the Court's prior orders denying third party assistance. E.g., <u>United States v. John Sitkins</u>, Case No. 2:96-cr-99-FtM-29DNF.

In this case, the Court finds defendant did not personally provide assistance that constituted "substantial assistance." At most, defendant simply encouraged or requested a relative to cooperate with law enforcement. The relative did so, and was paid to do so. This alone distinguishes this case from <u>Doe</u>. Defendant is not eligible for a sentence reduction under Rule 35(b), even if the information was timely.

Accordingly, it is now

**ORDERED**:

The Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #35) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of February, 2006.

JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record